EVANDER, J.
L.M. (mother) appeals from an order accepting case plan, denying her motion for reunification, placing the minor child with his father, and terminating jurisdiction. Because the trial court’s order is internally inconsistent, we reverse and remand for further proceedings.
Prior to the commencement of the underlying case, the mother and father were living apart with the child residing primarily with the mother. In August 2008, the Department of Children and Families (DCF) filed a shelter petition, alleging that the child was at risk for prospective abuse because, inter alia, the mother abused alcohol, regularly used illegal drugs, and had permitted a registered sexual predator to reside in her home while the child was present. Additionally, it was alleged that the child had witnessed acts of domestic violence committed against the mother by her paramour. There were no allegations of abuse or prospective abuse against the father.
*1154 The trial court granted DCF’s shelter petition and placed the child in the temporary custody of the father. The mother voluntarily entered into a substance abuse treatment program. DCF filed its petition for dependency in September 2008 and the mother initially denied the allegations. Subsequently, the mother filed a motion for reunification and motion to accept case plan. On January 7, 2009, the trial court accepted the mother’s consent plea, adjudicated the child dependent, and accepted the case plan. After conducting an eviden-tiary hearing, the trial court denied the mother’s motion for reunification and determined that it was in the best interest of the minor child to remain with the father. The trial court deferred further issues regarding custody and visitation “to the pending family law action.”
The mother then filed a motion for rehearing. In her motion, the mother argued that because the case plan goal was reunification and because she had substantially complied with the case plan, the trial court was obligated to grant her motion for reunification. In response, DCF filed a motion to terminate jurisdiction[1] because the minor child was “safe and well cared for” in his father’s care. The trial court conducted a subsequent hearing on these motions and then entered an amended order of adjudication of dependency. In its amended order, the trial court reaffirmed its adjudication of dependency, acceptance of case plan, and denial of the mother’s motion for reunification. In denying the mother’s motion for rehearing, the trial court explained that the award of sole custody to the father was made pursuant to section 39.521(3)(b)l., Florida Statutes (2008). Lastly, the trial court granted DCF’s motion to terminate jurisdiction. This appeal ensued.
The trial court determined that placement of the minor child with the father would be in the child’s best interest and would not endanger the child’s safety or well-being. Accordingly, pursuant to section 39.521(3)(b)l., the trial court was authorized to award the father sole custodial responsibilities for the child and terminate jurisdiction.
(3)(b). If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental or emotional health of the child. Any party with knowledge of the facts may present to the court evidence regarding whether the placement will endanger the safety, well-being, or physical, mental, or emotional health of the child. If the court places the child with such parent, it may do either of the following:
1. Order that the parent assume sole custodial responsibilities for the child. The court may also provide for reasonable visitation by the non-custodial parent. The court may then terminate its jurisdiction over the child.
However, this action by the trial court was inconsistent with its simultaneous decision to accept a case plan which provided for reunification with the mother as its permanency goal.[2] In effect, the trial court’s *1155 order both accepted and rejected the case plan agreed to by the mother and DCF. On remand, the trial court must determine whether or not it will accept the proposed plan.
REVERSED and REMANDED.
ORFINGER and LAWSON, JJ., concur.

. DCF's motion was titled "Motion to Terminate Supervision and Close Case.” However, the motion actually requested termination of jurisdiction over the minor child.

. We recognize that the case plan also listed as a goal "Maintain and Strengthen Placement with the Father to eliminate risk.” However, inclusion of this provision does not *1155 alter the fact that the plan's sole permanency goal was ''Reunification with Mother.” We would further observe that the case plan purported to give the mother through May 14, 2009, to perform the case plan tasks or face the possibility of termination of her parental rights. This provision conflicts with a determination to close the dependency case.